[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION MOTION TO STRIKE (#115)
On March 6, 1995, the plaintiff, David Rogers, filed a four count complaint in which he seeks to recover for intentional infliction of emotional distress (first count), negligent infliction of emotional distress (second count), assault (third count), and defamation (fourth count). Named as defendant is Mario DeCarlo, a police commissioner for the City of Stamford.
In a revised complaint filed on May 19, 1995, the plaintiff alleges that on August 2, 1994, while he was canvassing for an organization known as Greenpeace, and while he was walking on a public street, the defendant pointed a gun at the plaintiff and forced him to lie face down on the ground until the police arrived. The plaintiff further alleges that the defendant subsequently stated to the media that he confronted the plaintiff in such a manner because he was either protecting the occupant of a house from a burglar or was attempting to arrest a burglar.
On June 29, 1995, the defendant filed an answer, three special defenses and a counterclaim in which he alleges a claim for negligent infliction of emotional distress against the plaintiff. On July 11, 1995, the plaintiff filed a motion to strike the counterclaim (#115) and a memorandum of law. The plaintiff moves to strike the counterclaim on the ground that it sounds in bystander emotional distress and on the ground that it CT Page 12556-P fails to state a claim for negligent infliction of emotional distress. On August 25, 1995, the defendant filed a revised answer, special defenses and counterclaim, and a memorandum in opposition to the plaintiff's motion to strike. On August 31, 1995, the plaintiff filed a motion to strike the revised answer, special defenses and counterclaim, (#122) on the ground that the revised pleading constitutes an amended pleading filed in violation of Practice Book § 176.
"The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any complaint [or counterclaim] . . . to state a claim upon which relief can be granted. In ruling on a motion to strike, the court is limited to the facts alleged in the complaint [or counterclaim]. The court must construe the facts in the complaint [or counterclaim] most favorably to the [pleader]." (Internal quotation marks omitted.) Novametrix Medical Systems, Inc. v. BOC Group, Inc.,224 Conn. 210, 215, 618 A.2d 25 (1992).
In the present case the defendant's "revised" answer, special defenses and counterclaim is improperly captioned. This "revised" pleading technically constitutes an amended pleading because it was not filed in response to a request to revise or after the granting of a motion to strike the original pleading. Nevertheless, the "revised" answer, special defenses and counterclaim is the operable pleading because the plaintiff failed to timely object to its filing. See Practice Book §§ 175 and 176. In so ruling, the court takes no position as to motion to strike #122, in which the plaintiff moves to strike the "revised" pleading on the ground that it was not properly filed, as motion #122 was not claimed and argued at the October 23, 1995 short calendar.
The plaintiff, in moving to strike the "revised" counterclaim, contends that the counterclaim states a claim for bystander emotional distress, and that such a claim was specifically rejected by the supreme court in Maloney v. Conroy,208 Conn. 392, 545 A.2d 1059 (1988). In reading the challenged pleading in the light most favorable to the defendant, the defendant is not attempting to state a claim for bystander emotional distress in his "revised" counterclaim. Rather, the defendant's allegations constitute a legally sufficient claim for negligent infliction of emotional distress pursuant toMontinieri v. SNET, 175 Conn. 337, 345, 398 A.2d 1180 (1978).
Accordingly, the court denies the plaintiff's motion to CT Page 12556-Q strike (#115).
BALLEN, JUDGE